IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEMA'J GRIFFIN<br>993 Wellington Boulevard<br>Columbus, Ohio 43219 | : <br> : | |
| Plaintiff, | : | CASE NO. 2:21-cv-3922 |
| v. | : | JUDGE |
| DEFENSE LOGISTICS AGENCY<br>DLA Land and Maritime<br>P.O. Box 3990<br>Columbus, Ohio 43218-3990 | :<br><br>:<br><br>: | MAGISTRATE JUDGE |
| Defendant. | | |

**PLAINTIFF SEMA'J GRIFFIN'S COMPLAINT**
**(w/ Jury Demand)**

NOW COMES Plaintiff SeMa'j Griffin and hereby proffers this Complaint for damages against Defendant Defense Logistics Agency.

**PARTIES**

1. Plaintiff is a natural person residing in Franklin County, Ohio.

2. Defendant is a public agency of the United States government with facilities in Franklin County, Ohio.

**JURISDICTION AND VENUE**

3. All counts are brought pursuant to the laws of the United States, with this Court having jurisdiction pursuant to 29 U.S.C. § 2617.

4. Venue is proper due to the fact that the Defendant has a workplace in Franklin County, Ohio, at which all of the events in question took place.

## FACTUAL BACKGROUND

5. Plaintiff worked as a Student Trainee for Defendant from May 28, 2019 until his discharge on August 21, 2020.

6. During the interview and hiring process Plaintiff informed Defendant that he was a long-time sufferer from Tourette Syndrome / ADHD, which was diagnosed when he was six (6) years old.

7. Soon after hire, at the time he was assigned to Defendant's QMAC division, Plaintiff received medical information indicating he was being diagnosed with adult ADHD, and he informed Defendant of this fact on or about August 27, 2019.

8. Plaintiff received documentation from Defendant to be filled out by his treating physician(s) regarding his ADHD condition, and underwent a battery of tests and examinations between August 9, 2019 and February 19, 2020 to obtain the information necessary to complete the forms provided by the Defendant regarding his condition.

9. Plaintiff's main psychological health care provider erred in not sending requested information to Defendant in March of 2020 due to office issues related to the onset of COVID restrictions.

10. Plaintiff was informed by Defendant on September 1, 2020 that his main psychological health care provider had not sent information, and took immediate steps to have the problem rectified.

11. On September 17, 2020, Plaintiff's main psychological health care provider submitted the requested information to Defendant regarding Plaintiff's ADHD condition.

12. In August 2019, upon first learning of Plaintiff's ADHD condition, Branch Chief Sally Souvannavong clearly stated that she did not want him in her branch and suggested ways to

her subordinate managers as to how they could create disciplinary write-ups on Plaintiff to obtain his removal.

13. Plaintiff's supervisors Michael Swiggum and Derrick Dobbins complained more than once to the Branch Chief's supervisor that the Branch Chief was targeting Plaintiff, but nothing was done.

14. Plaintiff's supervisors Michael Swiggum and Derrick Dobbins tried to find a way to get Plaintiff transferred because they reasonably felt the Branch Chief would not allow Plaintiff to succeed at his job, but were frustrated in those attempts.

15. Plaintiff's supervisor Michael Swiggum noted significant improvement in Plaintiff's performance, and told Plaintiff to be ready for a reassignment to occur.

16. The Branch Chief frustrated any attempts to determine a training program for Plaintiff, forcing him to annoy co-workers on the floor with training request

17. The Branch Chief had a known history of harassing African-American student trainees such as Plaintiff, and Plaintiff and Plaintiff's supervisors felt this was happening to Plaintiff, as well.

18. Plaintiff's immediate supervision felt that Plaintiff's work was normal for an intern of his experience level, and that Plaintiff was successfully completing his tasks, and that he was being downgraded because of his race.

19. During his employment with Defendant, Plaintiff lodged more than one complaint with Defendant's supervision that he was being discriminated against based on his race and/or his ADHD condition.

20. On August 18, 2020 Plaintiff was removed from his position with Defendant.

21. Plaintiff timely engaged Defendant's EEO process, which resulted in his allegations of race discrimination, disability discrimination, and retaliation for complaining about unlawful discrimination going to the EEOC Complaint stage.

22. On May 24, 2021, Defendant issued a Final Agency Decision that allowed Plaintiff to file a lawsuit in federal District Court within 90 days of that issuance

## COUNT I
## VIOLATION OF THE REHABILITATION ACT

23. Plaintiff reincorporates the allegations contained in ¶¶ 1-22 as if fully rewritten here.

24. Plaintiff was at all times a qualified individual as that is defined by the Rehabilitation Act.

25. Plaintiff was an "employee" as that is defined by the Rehabilitation Act.

26. Defendant was an "employer" as that is defined by the Rehabilitation Act.

27. Plaintiff was discriminated against for having the condition of ADHD, and was thereby discriminated against for having a disability, and/or being regarded as having a disability.

28. Defendant's disability discrimination in regard to Plaintiff's ADHD condition entitles Plaintiff to monetary damages including lost pay and benefits, compensatory damages for pain and suffering, and attorney fees and costs in an amount to be determined at trial, but in any event at least $250,000.00, as well as the equitable remedy of reinstatement and/or front pay.

## COUNT II
## DISCRIMINATION ON THE BASIS OF RACE
## 42 U.S.C. 2000E, et seq.

29. Plaintiff reincorporates the allegations contained in ¶¶ 1-28 as if fully rewritten here.

30. Plaintiff was discriminated against on the basis of his race, African-American.

31. Defendant's discrimination regarding Plaintiff's race entitles Plaintiff to monetary damages including lost pay and benefits, compensatory damages for pain and suffering, and attorney fees and costs in an amount to be determined at trial, but in any event at least $250,000.00, as well as the equitable remedy of reinstatement and/or front pay.

## COUNT III
## RETALIATION FOR COMPLAINTS REGARDING UNLAWFUL DISCRIMINATION

32. Plaintiff reincorporates the allegations contained in ¶¶ 1-31 as if fully rewritten here.

33. Plaintiff was retaliated against for making complaints of unlawful discrimination.

34. Defendant's retaliation regarding Plaintiff's legally protected complaints entitles Plaintiff to monetary damages including lost pay and benefits, compensatory damages for pain and suffering, and attorney fees and costs in an amount to be determined at trial, but in any event at least $250,000.00, as well as the equitable remedy of reinstatement and/or front pay.

**WHEREFORE**, Plaintiff demands,

for Count I, monetary damages including back pay and benefits, liquidated damages equal to back pay and benefits, and attorney fees and costs, in an amount to be determined at trial, but in any event more than $250,000.00, as well as the equitable remedy of reinstatement and/or front pay;

for Count II, monetary damages including back pay and benefits, liquidated damages equal to back pay and benefits, and attorney fees and costs, in an amount to be determined at trial, but in any event more than $250,000.00, as well as the equitable remedy of reinstatement and/or front pay; and,

for Count III, monetary damages including back pay and benefits, liquidated damages equal to back pay and benefits, and attorney fees and costs, in an amount to be determined at trial, but in any event more than $250,000.00, as well as the equitable remedy of reinstatement and/or front pay.

## JURY DEMAND

Plaintiff demands that a jury decide all claims in this Complaint.

Respectfully Submitted,

s/ Gary A. Reeve
Gary A. Reeve (0064872)
Trial Attorney for Plaintiff
Law Offices of Gary A. Reeve
5354 Cemetery Road
Hilliard, Ohio 43026
(614) 808-1881